UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARNOLD SMILEY,

    Petitioner,

v.                                                         CASE NO. 6:04-cv-936-Orl-19DAB

DON S. GLADISH, et al.,

    Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 12).

I. *Procedural History*

Petitioner was charged by information with one count of sexual activity with a child by a person in familial or custodial authority. After a jury trial, he was found guilty as charged and was sentenced to a fifteen-year term of imprisonment, followed by a ten-year term of sex offender probation. The Florida Fifth District Court of Appeal *per curiam* affirmed by order dated July 16, 2002. *Smiley v. State*, 823 So. 2d 791 (Fla. 5th DCA 2002).

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief which the trial court denied. The denial was *per curiam* affirmed on appeal. *Smiley v. State*, 837 So. 2d 999 (Fla. 5th DCA 2003).

Petitioner also filed a petition for writ of habeas corpus for a belated appeal alleging that his appellate counsel failed to file a reply brief. The appellate court denied the petition.

Petitioner filed a second Rule 3.850 motion which the trial court denied. The appellate court *per curiam* affirmed the denial. *Smiley v. State*, 871 So. 2d 897 (Fla. 5th DCA 2004).

While the second Rule 3.850 motion was pending, Petitioner filed a second petition for writ of habeas corpus in the state appellate court alleging that he received ineffective assistance of counsel. The appellate court denied the petition as well as Petitioner's subsequent motion for rehearing.

## II.   *Claims One Through Seven - Applicability of 28 U.S.C. Section 2254(d)*

In his first seven claims, Petitioner contends that he received ineffective assistance of counsel. Specifically, Petitioner alleges that his counsel (1) failed to call Nicole Askew as a defense witness at trial; (2) failed to perform an adequate pretrial investigation; (3) failed to obtain a DNA expert for the defense; (4) failed to object to the prosecutor's improper closing argument; (5) failed to file a motion to quash the amended information; (6) failed to object to the introduction of collateral crime evidence; and (7) refused to consult with Petitioner concerning the State's plea offer.

Petitioner raised all seven claims in his first Rule 3.850 motion, and the state trial court denied the claims in a detailed order. Petitioner filed an appeal, and the appellate court *per curiam* affirmed the denial.

### A. The Evidence at Trial

The charges against Petitioner arose out of a an incident that occurred on April 10, 2000. The victim testified that Petitioner had been her mother's boyfriend and had lived in their house for a period of time. While Petitioner was living in the house, he, the victim, her mother, and her siblings[1] did things as a family.

Around the time of the crime, Petitioner stayed at the victim's house on occasion. He slept in the victim's mother's bedroom, as did her baby brother. The victim's two sisters shared a bedroom, and the victim had her own bedroom. On the night of April 9, 2000, the victim fell asleep in her bed wearing a red dress, panties, and a bra. During the early morning of April 10, 2000, she awoke because she was cold. Petitioner turned off the fan in her bedroom and then began touching her breasts and vagina with his hands and his mouth.

The victim's mother got up in the night to use the bathroom across the hall from the victim's bedroom. Upon observing Petitioner on one knee bent over her daughter, the mother began yelling, grabbed the victim, took her into the bathroom, and locked the

---

[1]The victim testified that she had three siblings: two younger sisters and a younger brother. She stated that Petitioner was the father of her brother, who was less than one year old at the time of the crime.

3

door.[2] Petitioner picked the lock and followed the mother and the victim as they retreated to different rooms in the house. At one point, he brought a knife to the victim's mother and asked her to kill him.

The victim's mother called 911, and eventually the police arrived at the house. As Petitioner was trying to exit a sliding glass door, one officer was outside and another had entered the house. When Petitioner was unable to open the door, he pushed the officer in the house against the wall and ran out another door. The police officers pursued him, but were unable to apprehend him at that time.

### B.   *Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

---

[2]The mother testified that she did not see what Petitioner was doing, but when she turned on the light, she saw her daughter lying on her back, unclothed, with her dress around her neck.

4

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state courts applied federal law incorrectly, habeas corpus relief is appropriate only if that application was "objectively unreasonable." *Id*. Furthermore, a determination of a factual issue made by a state court must be presumed correct, and the habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id*. at 835-36; 28 U.S.C. § 2254(e)(1).

### C.     Governing Law

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90.[3] "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the

---

[3] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

In assessing Petitioner's ineffective assistance of counsel claims, the state trial court utilized the standard set forth *Strickland*. (Appendix G at 1.) As noted by the Eleventh Circuit Court of Appeals, "[i]t is well established that the United States Supreme Court's decision in *Strickland* . . . is the 'controlling legal authority' to be applied to ineffective assistance of counsel claims." *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Thus, the state court correctly identified the governing legal principle.

  D. *Claim 1*

According to Petitioner, Nicole Askew would have testified at trial that she and Petitioner had been living together for fifteen years; that during that time Petitioner had never lived with the victim's family but had visited on weekends; and that the victim's mother had indicated that she would do anything to break up Ms. Askew and Petitioner. This Court finds that the omission of Ms. Askew's testimony did not render the result of Petitioner's trial fundamentally unfair or unreliable.

Even if Petitioner did not live with the victim on a regular basis, the jury still could have found that Petitioner was a person in familial or custodial authority. *Crocker v. State*, 752 So. 2d 615 (Fla. 2nd DCA 1999) (stating that a familial relationship indicates a recognizable bond of trust similar to the bond that develops between a child and family members). In addition, Petitioner testified that he did not live regularly with the victim's family; therefore, Ms. Askew's purported testimony would have been cumulative.

Furthermore, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993). Petitioner has failed to advance a persuasive argument that trial counsel's decision not to call this witness was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation. Additionally, in light of the evidence presented at trial, it is apparent that Petitioner has failed to demonstrate prejudice. Therefore, this claim is without merit.

### E.     *Claim 2*

Petitioner contends that defense counsel should have conducted a more thorough investigation into the victim's mother's financial situation. According to Petitioner, had counsel subpoenaed AFDC records, he could have established that Petitioner provided no financial support to the victim's family and did not reside in their home. Such information would have impeached the victim's mother's testimony that Petitioner was the "money provider" and would have established that he did not have a familial or custodial relationship with the victim.

Even assuming that defense counsel should have pursued such matters, Petitioner has failed to demonstrate prejudice. Other evidence at trial established that Petitioner did not reside full-time with the victim's family. Additionally, even if the victim's mother did receive money from AFDC, such fact would not have eroded the conclusion that he was in a familial or custodial position regarding the victim. Furthermore, Petitioner testified at trial regarding his relationship with the victim. This claim must be denied.

### F.     Claim Three

Petitioner contends that counsel should have obtained a DNA expert to analyze possible saliva from a vaginal swab.  According to Petitioner, this would have shown that the saliva belonged to the victim thereby establishing that she "was playing with herself, was embarrassed, and therefore, concocked [sic] the story against [him]."  (Doc. No. 1 at 13.)

This claim is based on pure speculation which will not support a claim for relief. *Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation). Petitioner is merely guessing that the possible saliva belonged to the victim.  Furthermore, the forensic expert testified at trial that there were no tests available to conclusively determine if the substance was saliva, as opposed to some other body fluid, such as perspiration.  In the present case, Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably.  *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995).

### G.     Claim Four

Petitioner claims that defense counsel failed to object when the prosecutor argued matters not in evidence and vouched for the credibility of the State's witnesses during his closing argument.

As explained in detail by the state court, the comments by the prosecutor were fair comments on the evidence at trial.  Thus, in context, the prosecutor's remarks were not

improper. *See Breedlove v. State*, 413 So. 2d 1, 8 (Fla.) (logical inferences may be drawn, and counsel is permitted to advance legitimate arguments), *cert. denied*, 459 U.S. 882 (1982). In addition, Petitioner has not demonstrated that the failure to object to such comments in any way caused him prejudice.

### H.     *Claim Five*

Petitioner was originally charged in a two count information with sexual battery (count one) and lewd or lascivious molestation on a victim less than 12 years of age (count two). After his arraignment, the Stated filed an amended information charging one count of sexual battery by a person in familial or custodial authority. According to Petitioner, he was never arraigned on the amended information, and his counsel should have filed a motion to quash the amended information.

This claim must be denied for failure to demonstrate prejudice. Both the original and the amended information concern the same victim, the same date of offense, and the same conduct. Petitioner admits that he was properly arraigned on the original information. Thus he was fully aware of the charges against him.

### I.     *Claim Six*

In a separate case, Petitioner was charged with battery on a law enforcement officer as a result of pushing the officer as he fled the victim's home. After his trial on the instant charges, Petitioner pled guilty to the reduced charge of battery. He contends that the evidence introduced at the instant trial relative to the battery amounted to improper

collateral crime evidence. He finds fault with the failure of his trial counsel to object to the introduction of such evidence.

The testimony regarding Petitioner's flight from the scene and his battery on the police officer did not constitute evidence of a collateral crime. Rather, the testimony was relative to and intertwined with the offense charged in the instant case. In addition, Petitioner has not demonstrated that he was prejudiced by the admission of this evidence. The victim testified concerning the details of the crime, and her mother provided testimony supporting the allegations by the victim. This claim must be denied.

### J.     *Claim Seven*

Petitioner contends that his counsel refused to consult with him regarding a plea offer made by the State. This claim is clearly refuted by the record.

After the victim testified, the State offered to stipulate to 96 points at sentencing and to stand silent at sentencing if Petitioner entered a guilty plea. Defense counsel stated that Petitioner wanted to exercise his constitutional right to go forward with the trial. Upon inquiry from the state trial judge, Petitioner specifically confirmed counsel's statement. (Appendix B at 86-87.) Petitioner gave no indication that he did not understand the offer or that he needed to consult further with his counsel. This claim must be denied as meritless.

### K.     *Conclusion*

In the present case, the Court finds with regard to claims one through seven that trial counsel's conduct was reasonable and/or Petitioner has not shown prejudice.

10

Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Claims one through seven must be denied pursuant to section 2254(d).

### III. *Claims Eight and Nine*

In claim eight, Petitioner avers that the "[t]rial court's departure from its essential neutrality and the essential requirements of law was fundamental error of such magnitude that said error amounted to a structural defect in the trial." (Doc. No. 1 at 29.) In claim nine, Petitioner states that he was denied his constitutional right to due process of law and a public trial. Both of these claims concern the trial court's partial closure of the courtroom while the child victim testified.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[4] or (2) are not exhausted but would clearly be barred if returned to state court.[5] Thus,

---

[4]*Harris v. Reed*, 489 U.S. 255 (1989).

[5]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

"[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, the federal courts may not address claims that have not been presented in the state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[6]

Petitioner raised both of these claims in his second Rule 3.850 motion. However, the state trial court found that the claims were procedurally barred because they should have been raised on direct appeal. The appellate court *per curiam* affirmed this determination. Thus, both of these claims are procedurally barred in this Court because the last state court rendering a judgment in Petitioner's case clearly and expressly stated that its judgment rested on the procedural bar. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990) ("[P]er curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal court.").

However, there are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003), *cert. denied*, 543 U.S. 811 (2004). The second exception, known as the "fundamental

---

[6]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994).

miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

Petitioner contends that cause for excusing the procedural default exists because he received ineffective assistance of trial and appellate counsel regarding these two claims. The United States Supreme Court has recognized that a claim of ineffective assistance of counsel may support a finding of cause, but only if counsel's performance was "so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Thus, in order for ineffective assistance of counsel to serve as cause for a procedural default, a petitioner must be able to satisfy the exacting standards of *Strickland*. *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002). If Petitioner "cannot prevail on a separate ineffective assistance of counsel claim, then he cannot prevail on an argument that ineffective assistance caused the procedural default." *Id.*

In addition, the claim of ineffective assistance of counsel must have been "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 91986). A procedurally defaulted claim of ineffective assistance of counsel may not serve as cause to overcome the procedural bar of a separate claim unless Petitioner can satisfy the cause and prejudice standard with respect to the ineffective assistance of counsel claim. *Edwards*, 529 U.S. at 453.

Petitioner's claims of ineffective assistance of trial and appellate counsel are inadequate to constitute cause to overcome the procedural bar. Petitioner's ineffective

13

assistance of trial counsel claim was not raised in the state courts as a separate, independent claim. Therefore, it has not been exhausted and cannot serve as cause to overcome the procedural default regarding claims eight and nine. *See Sharpe v. McDonough*, No. 4:05CV164-RH/WCS, 2006 WL 2038562, at *3 (N.D. Fla. July 19, 2006) ("Petitioner cannot argue that the cause for his procedural default was ineffective assistance of trial counsel for failure to object to the closing of the trial because he did not make that claim in his Rule 3.850 motion and the claim is not exhausted.").

Moreover, Petitioner has failed to demonstrate that his appellate counsel rendered ineffective assistance regarding these two claims. Since no objection was made at trial, the claims were not preserved for review on appeal. *Clark v. State*, 363 So. 2d 331, 333 (Fla. 1978) ("[E]ven constitutional errors, other than those constituting fundamental error, are waived unless timely raised in the trial court."), *overruled in part, State v. DiGuilio*, 491 So. 2d 1129 (Fla.1986). Despite Petitioner's contentions, the alleged deficiencies did not constitute fundamental error. *See Sharpe*, 2006 WL 2038562 at *3 ("Florida courts do not consider the merits of a Sixth Amendment public trial claim if there was no objection at the trial level."). Appellate counsel was not ineffective for failing to raise these claims. Therefore, Petitioner has not established cause to overcome the procedural default, and claims eight and nine are barred from consideration by this Court.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

14

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Arnold Smiley is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _23rd_ day of September, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 9/23
Counsel of Record
Arnold Smiley